## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **STATE FARM  FIRE & CASUALTY CO.** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. CBD 07-238 |
| | ) | |
| **POTOMAC ELECTRIC POWER CO.** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff State Farm Fire & Casualty Co. filed this subrogation action against Defendant Potomac Electric Power Co. for damages.  Now before the Court is Defendant's Motion for Summary Judgment ("Defendant's Motion") (Docket Item No. 19).  The Court has reviewed Defendant's Motion and the opposition and reply thereto.  No hearing is deemed necessary. Local Rule 105.6 (D. Md.).  For the reasons stated herein, the Court hereby GRANTS Defendant's Motion.

### I.  Background

Plaintiff alleges that Defendant's negligent maintenance of its electric cables resulted in a house fire on June 1, 2004.  As Plaintiff provided property insurance to the homeowner, Charnette Robinson, Plaintiff now seeks to recover the amount paid pursuant to the policy.

At all relevant times, Defendant provided electric service to Ms. Robinson's home. Prior to the house fire, Ms. Robinson had observed sparking and arcing from the electric wires in front of her house as well as squirrels being electrocuted on these wires.  Ms. Robinson reported

her observations directly to Defendant on several occasions, and informed Defendant that the wires were frayed and needed to be replaced.  Defendant responded to Ms. Robinson's maintenance requests several months before the fire, and performed maintenance on one of the wires between the two poles in front of her house.  At that time, Plaintiff again requested that Defendant's employees replace the frayed cables, but was told that it was unnecessary.

After the fire, Plaintiff's electrical engineering expert, Robert Simpson, examined the scene and determined that the cause of the fire was that the neutral wire running into Ms. Robinson's house had become energized.  Mr. Simpson was deposed on June 13, 2007, and testified that two possible theories exist as to why the neutral wire had become energized: (1) the age and deteriorated condition of the service drop cables; or (2) the trees coming into contact with the secondary main lines.  Mr. Simpson testified that the deterioration of the service drop was the more likely cause of the fire because, had the secondary main lines been compromised, he would have expected to see multiple houses in that area experiencing similar problems.  Mr. Simpson testified that Defendant's failure to replace the service drop and repair the secondary main lines was a deviation from the appropriate standard of care in light of Ms. Robinson's repeated complaints.  Defendant now moves for summary judgment.

## II.  Standard of Review

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987).  A court must

construe the facts alleged and reasonable inferences in favor of the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law. *Pulliam Inv. Co., Inc. v. Cameo Props.,* 810 F.2d 1282, 1286 (4th Cir. 1987). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. "[T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

"Once the moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Kitchen v. Upshaw*, 286 F.3d 179, 182 (4th Cir. 2002). Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The disputed facts must be material to an issue necessary for the proper resolution of the case." *Everett, Inc. v. Nat'l Cable Adver., L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III. Discussion

Under Maryland law, a plaintiff alleging negligence must establish that a breach of duty was the proximate cause of injury. *Pippin v. Potomac Electric Power Co.*, 132 F. Supp. 2d 379, 392 (D. Md. 2001). Proof of an essential element of a plaintiff's claim must be sufficiently probable, and not based on speculation or conjecture. *Samuel v. Ford Motor Co.*, 112 F. Supp. 2d 460, 471 (D. Md. 2000). In the instant case, Defendant contends that Mr. Simpson's conclusions regarding Defendant's negligent maintenance of the electric lines amount to mere speculation because Mr. Simpson could only assert that the deterioration of the service drop was a possible, and not the probable, cause of the fire. Upon a review of the facts on record in the light most favorable to Plaintiff, the Court finds that a jury could not reasonably infer that Defendant's negligence was the proximate cause of the fire.

> *A. Plaintiff has presented sufficient evidence to support an inference that Defendant breached its duty to maintain the power lines.*

Neither party disputes that Defendant had a duty to maintain its facilities in a reasonably safe condition. Plaintiff contends that Defendant's failure to respond appropriately to Ms. Robinson's reports of sparking and arcing constituted a breach of this duty. Plaintiff's expert, Mr. Simpson, testified that Robinson's repeated complaints were warning signs, and that her reports, coupled with the deteriorated conditions of the wires, should have prompted Defendant to repair or replace the lines before the fire occurred. Further, Mr. Simpson testified that removing the "head guy" attachment without determining whether this was the cause of the sparks and fires was not an adequate solution. The Court finds that this evidence is sufficient for a jury to reasonably infer that Defendant breached its duty.

> *B. Plaintiff has not presented sufficient evidence to support an inference that*

4

*Defendant's negligence caused the fire.*

The Court finds that Plaintiff has not met its burden with respect to the issue of causation. To show causation, a plaintiff need not exclude every other possible cause of the accident, rather, a plaintiff has provided legally sufficient proof to get to the jury when he shows that it is more probable than not that the defendant's conduct caused his injury. *Peterson v. Underwood*, 258 Md. 9, 17, 264 A.2d 851, 855 (1970).  Proof of causation must be expressed in terms of probability and not possibility. *Sakaria v. Trans World Airlines*, 8 F.3d 164, 172 (4th Cir. 1993); *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 241-42 (4th Cir. 1969); *Ralston Purina Co. v. Edmunds*, 241 F.2d 164, 168 (4th Cir. 1957).

In the case at hand, Mr. Simpson testified that the fire was caused by a failure in either the secondary main lines or the frayed service drop line.  However, not only was Mr. Simpson unable to determine which of these two scenarios caused the fire, but he concedes that other possible explanations exist as well.  Specifically, Mr, Simpson admits that failures in the spool insulator or the service entrance cable could have caused the fire.

Furthermore, Mr. Simpson testified that he was only able to inspect a small portion of the line that was attached to the house.  The results of this inspection were inconclusive.  As such, Mr. Simpson could only assert that a failure in the service drop was a possible, and not the probable cause of the fire.  In the absence of more concrete evidence with respect to the issue of causation, the Court finds that a jury could not reasonably infer that Defendant's negligence caused the fire.

**IV.  Conclusion**

5

For the aforementioned reasons, the Court hereby GRANTS Defendant's Motion.

Judgment shall be entered in favor of Defendant, and the case shall be closed.


_____/s/_____
Charles B. Day
United States Magistrate Judge



CBD/nrh